Kevin T. Fitzgerald
ABA No. 8711085
Ingaldson Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JOHN L. HENDRIX, | ) | Case No. 3:24-cv-00133-SLG |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANT** |
| v. | ) | **ALLEN LAWRENCE BERRY'S** |
| | ) | **RULE 12(b)(6) MOTION TO** |
| DANNY S. DAVIS, ESCOPETA OIL | ) | **DISMISS** |
| & GAS CORPORATION, and ALLEN | ) | |
| LAWRENCE BERRY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMES NOW Plaintiff, John L. Hendrix, by and through counsel, Ingaldson Fitzgerald, P.C., and submits his Response in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss filed with this Court on July 1, 2024 (Docket No. 7).

Allen L. Berry has recently filed a Rule 12(b)(6) Motion to Dismiss. The Motion should be denied. There is sufficient factual matter contained in the Complaint to state a claim for relief against Mr. Berry, a working interest owner owning 3.94% of the Kitchen Lights Unit. There is, in addition, reasonable

John L. Hendrix v. Danny S. Davis, et al.
Case No. 3:24-cv-00133-SLG
Plaintiff's Response in Opposition to Defendant Allen Lawrence Berry's Rule 12(b)(6) Motion to Dismiss
Page 1 of 6
Case 3:24-cv-00133-SLG   Document 8   Filed 07/16/24   Page 1 of 6

inferences that can be drawn from Mr. Berry's failure to disclaim the defamatory statements attributed to him by Mr. Davis.

## I. DISCUSSION

Mr. Hendrix agrees that the standard identified by Mr. Berry for determining Rule 12(b)(6) motions to dismiss is accurate: the Court must accept all well-pled allegations in the Complaint as true and construe them in the light most favorable to Mr. Hendrix.[1] Further, Mr. Hendrix agrees that the claims have facial plausibility that allows the Court to draw the reasonable inference that a defendant, in this instance Mr. Berry, is liable for the misconduct alleged.[2] The Complaint provides that on or about March 20, 2024, Mr. Davis published a letter on Escopeta Oil letterhead via email to Alaska State Senator Cathy Giessel that contained a host of defamatory statements.[3] Indeed, some of these defamatory statements are defamatory per se.

The Complaint also provides that in the week of February 26, 2024, the Alaska Landmine makes reference to another letter provided by Mr. Davis that contains a host of defamatory and defamatory per se statements.[4] Included in these statements are the following:

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1] *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] Complaint at paragraphs 12-24.
[4] Complaint at paragraphs 27-30.

John L. Hendrix v. Danny S. Davis, et al.
Case No. 3:24-cv-00133-SLG
Plaintiff's Response in Opposition to Defendant Allen Lawrence Berry's Rule 12(b)(6) Motion to Dismiss

29. "Davis says Hendrix owes him $11 million personally and asks what Hendrix has done with $100 million in tax credits he has received. 'Criminals steal with a pen and a gun, either way they are criminals. <u>We will prove you have stolen $30,000,000.00 from the working interest owners, and prevail in court</u>. Out of the $100 million in tax credits you received, you should be reworking all wells now, but you lie to the State of Alaska, and you say you cannot afford the workovers, when I have already paid my way,' Davis wrote."

30. "Davis told the Landmine, '<u>Everything in the letter is true and we will prove it in the courts in Texas, and hopefully in the State of Alaska as well</u>.'"

(Emphasis added) Both the Giessel letter <u>and</u> the letter referenced in the Landmine include defamatory statements expressly attributed to "we" and "the working interest owners".

Finally, in paragraph 25 of the Complaint, Mr. Hendrix makes reference to Mr. Davis having written similar letters making similar defamatory claims.

Thus, there is direct evidence that the reference to "we" and "working interest owners" responsible for the defamatory statements includes Defendant Allen L. Berry, who is a "working interest owner".[5] Further, Mr. Berry is a party in the Texas litigation which also includes Mr. Davis and Mr. Taylor.[6] Presumedly, Davis, Berry, and Taylor would all have similar motivation to make defamatory statements against Mr. Hendrix. As a result, on April 21, 2024, Furie's Texas counsel sent a

---

[5] Complaint at paragraph 11.
[6] Complaint at paragraph 33.

John L. Hendrix v. Danny S. Davis, et al.
Case No. 3:24-cv-00133-SLG
Plaintiff's Response in Opposition to Defendant Allen Lawrence Berry's Rule 12(b)(6) Motion to Dismiss
Page 3 of 6
Case 3:24-cv-00133-SLG   Document 8   Filed 07/16/24   Page 3 of 6

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

"presentment of request for correction, clarification or retraction" to Texas counsel for David, Berry, and Taylor demanding that they retract within thirty days the defamatory statements they had made against Mr. Hendrix and Furie. On May 16, 2024, Mr. Taylor disavowed that he was included within the "we" or "working interest owners" referenced by Mr. Davis. Mr. Berry did not respond to the retraction letter, and still has not. Perhaps not coincidentally, Mr. Berry has also not submitted an answer in the instant matter. Accordingly, there is also inferential information that Mr. Berry joins in the defamatory statements uttered by Mr. Davis in the letters referenced above.

The principal case cited by Mr. Berry in his motion is *Earp v. Davis*, 881 F.3d 1135, 1144 (9th Cir. 2018). However, Plaintiff encourages this Court to review *Earp*. *Earp* is clearly inapposite both factually and legally. In *Earp*, the court ruled that prisoners should not be allowed to use federal discovery for fishing expeditions to investigate speculative claims.[7] In context, *Earp* asserted that further discovery on the DOJ's alleged spoliation of evidence could show bias, a hidden connection between witnesses, and/or an overall scheme by the DOJ to suppress evidence.[8] The court noted that this type of bald

---

[7] *Id*. at 1144.
[8] *Id*.

John L. Hendrix v. Danny S. Davis, et al.
Case No. 3:24-cv-00133-SLG
Plaintiff's Response in Opposition to Defendant Allen Lawrence Berry's Rule 12(b)(6) Motion to Dismiss

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

assertion to fish for evidence that may support a defense theory is not a "reasonable inference" and appears more like "mere speculation dressed up in the guise of evidence". The court was also critical that claims of DOJ's alleged spoliation of evidence was not relevant to the matter.

In contrast, Plaintiff has made assertions, which must be taken as true, that Mr. Davis and Mr. Berry made defamatory statements against Mr. Hendrix in a variety of letters. There is direct evidence that this is the case. Additionally, there is inferential information that supports the claim.

The motion should be denied.

Dated the 16th day of July, 2024 at Anchorage, Alaska.

    INGALDSON FITZGERALD, P.C.
    Attorneys for Plaintiff

    By: s/Kevin T. Fitzgerald
    ABA No. 8711085
    813 West Third Avenue
    Anchorage, AK  99501
    Fax: (907) 258-8751
    E-mail: kevin@impc-law.com

//

//

John L. Hendrix v. Danny S. Davis, et al.
Case No. 3:24-cv-00133-SLG
Plaintiff's Response in Opposition to Defendant Allen Lawrence Berry's Rule 12(b)(6) Motion to Dismiss

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

**CERTIFICATE OF SERVICE**

I hereby certify that on the
16th day of July, 2024,
a copy of the foregoing was
served electronically on:

Jeffrey W. Robinson
robinsonjw@lanepowell.com

Michael B. Baylous
baylousm@lanepowell.com

s/ Kevin T. Fitzgerald
W:\2767.001\Pleadings (U.S. District Court)\Plaintiff's Response in Opposition to Defendant Allen Lawrence Berry's Rule 12(b)(6) Motion to Dismiss 1.doc

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

John L. Hendrix v. Danny S. Davis, et al.
Case No. 3:24-cv-00133-SLG
Plaintiff's Response in Opposition to Defendant Allen Lawrence Berry's Rule 12(b)(6) Motion to Dismiss