IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN L. HENDRIX,<br><br>          Plaintiff,<br>   v.<br><br>DANNY S. DAVIS, ESCOPETA OIL & GAS CORPORATION, and ALLEN LAWRENCE BERRY,<br><br>          Defendants. | Case No. 3:24-cv-00103-SLG |

**ORDER ON MOTION TO DISMISS**

Before the Court at Docket 7 is Defendant Allen Lawrence Berry's Rule 12(b)(6) Motion to Dismiss. Plaintiff John L. Hendrix filed an opposition to the motion at Docket 8, and Mr. Berry replied at Docket 12. Oral argument was not requested and was not necessary to the Court's determination.

**BACKGROUND**

Mr. Hendrix alleges that on or about March 20, 2024, Defendant Danny S. Davis emailed a letter on Escopeta Oil letterhead to Alaska State Senator Cathy Giessel.[1] The Complaint alleges that the letter contained statements intended to injure Mr. Hendrix's reputation,[2] and describes the contents of the letter as follows:

> 14. In paragraph three of the letter, Davis states "all criminals are predictable".

---

[1] Docket 1-1 (Compl.) at ¶ 12.

[2] Docket 1-1 at ¶ 12.

15. In paragraph four of the letter, Davis states, referring to Hendrix, that "[h]e has stolen over $45,000,000.00".

16. Also in paragraph four of the letter, Davis states "[h]e thinks he is above the law and will get away with his blatant theft".

17. Also in paragraph four of the letter, Davis states "his theft, fraud and breach of contracts".

18. In paragraph five of the letter, Davis states "due to his fraud, theft and poor overall performance as a prudent operator".

19. In paragraph six of the letter, Davis states "Mr. Hendrix and his crime syndicate... are extorting and blackmailing the State of Alaska".

20. In paragraph seven of the letter, Davis states "his word is no good", referring to Hendrix.

27. Also in paragraph seven, Davis states "he is a criminal that has stolen $45,000,000.00".

22. Also in paragraph seven, Davis states "[h]e has no respect for a written contract, whatsoever".

23. Also in paragraph seven, Davis states Hendrix is "stealing millions".

24. In paragraph ten, Davis states "the Crook Inlet crime boss", referring to Hendrix.[3]

The Complaint also alleges that, in the week of February 26, 2024, the Alaska Landmine published an article referencing another letter provided to it by Mr. Davis.[4] The allegations regarding the article published in the Alaska Landmine

---

[3] Docket 1-1 at ¶¶ 14–24.

[4] Docket 1-1 at ¶ 27.

Case No. 3:24-cv-00133-SLG, *Hendrix v. Davis et al.*
Order on Motion to Dismiss
Page 2 of 8
Case 3:24-cv-00133-SLG    Document 18    Filed 12/05/24    Page 2 of 8

include the following:

> 28. "In the letter, Davis says Hendrix is a 'liar and a thief' and says the matter will be resolved in the Texas courts, where a lawsuit was filed in May of 2023."
>
> 29. "Davis says Hendrix owes him $11 million personally and asks what Hendrix has done with $100 million in tax credits he has received. 'Criminals steal with a pen and a gun, either way they are criminals. We will prove you have stolen $30,000,000.00 from the working interest owners, and prevail in court. Out of the $100 million in tax credits you received, you should be reworking all wells now, but you lie to the State of Alaska, and you say you cannot afford the workovers, when I have already paid my way,' Davis wrote."
>
> 30. "Davis told the Landmine, 'Everything in the letter is true and we will prove it in the courts in Texas, and hopefully in the State of Alaska as well.'"[5]

The Complaint further alleges that Mr. Berry is one of the "working interest owners,"[6] and that counsel for Mr. Hendrix's company sent a letter "to Texas counsel for Davis, Berry and Taylor[,] demanding that they retract within 30 days the defamatory statements they had made . . . ."[7] Mr. Berry did not respond to the letter.[8]

Mr. Hendrix filed his Complaint in state court on May 23, 2024. Mr. Hendrix alleges one count of defamation. A separate count seeks punitive damages from all Defendants. Defendants removed this action to federal court—and this Court

---

[5] Docket 1-1 at ¶¶ 28–30.

[6] Docket 1-1 at ¶ 11.

[7] Docket 1-1 at ¶ 33.

[8] Docket 1-1 at ¶ 35.

Case No. 3:24-cv-00133-SLG, *Hendrix v. Davis et al.*
Order on Motion to Dismiss
Page 3 of 8
Case 3:24-cv-00133-SLG   Document 18   Filed 12/05/24   Page 3 of 8

has jurisdiction—because there is complete diversity of citizenship between Plaintiff and Defendants and more than $75,000 is in controversy, exclusive of interest and costs.[9]

On July 1, 2024, Mr. Berry filed the instant motion to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the Complaint fails to allege sufficient facts to support a cognizable claim against him.[10]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] The Court must accept all well-pled allegations in the Complaint as true and construe them in the light most favorable

---

[9] *See* Docket 1 (Notice of Removal); 28 U.S.C. § 1332.

[10] Docket 7.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Id.* at 678 (citation omitted).

Case No. 3:24-cv-00133-SLG, *Hendrix v. Davis et al.*
Order on Motion to Dismiss
Page 4 of 8
Case 3:24-cv-00133-SLG   Document 18   Filed 12/05/24   Page 4 of 8

to the non-moving party.[13] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[14]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave [to amend the complaint] when justice so requires."[15]

## DISCUSSION

Pursuant to Alaska state law, the elements of a defamation claim are: "(1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) the existence of either 'per se' action ability or special harm."[16] A complaint, therefore, must plead factual content that allows the Court to draw the reasonable inference that the defendant bears some fault for the publication of the defamatory statement to a third party—either as the publisher or by directing or procuring another person to publish the defamatory matter.[17]

Mr. Berry asserts that "the Complaint does not plausibly allege any false or defamatory statement *made by Berry*, any unprivileged publication to a third party

---

[13] *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

[14] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[15] Fed. R. Civ. P. 15(a)(2).

[16] *MacDonald v. Riggs*, 166 P.3d 12, 15 (Alaska 2007) (citations omitted).

[17] *See* Restatement (Second) of Torts § 577 (1977) ("One is liable for the publication of defamation by a third person whom as his servant, agent or otherwise he directs or procures to publish defamatory matter.").

Case No. 3:24-cv-00133-SLG, *Hendrix v. Davis et al.*
Order on Motion to Dismiss
Page 5 of 8
Case 3:24-cv-00133-SLG   Document 18   Filed 12/05/24   Page 5 of 8

*by Berry*, or any fault amounting to at least negligence *on the part of Berry*."[18] Mr. Hendrix disagrees, asserting that both the Giessel letter and the letter referenced in the Landmine include defamatory statements expressly attributed to "we" and "the working interest owners," and that those terms include Mr. Berry.[19]

The Court agrees with Mr. Berry that the Complaint does not plausibly allege that Mr. Berry published or caused to be published any of the allegedly defamatory remarks. On the contrary, the Complaint specifically attributes each statement to Mr. Davis.[20]

The references to "we" and the "working interest owners" do not, on the facts alleged, plausibly credit any of the allegedly defamatory statements to Mr. Berry. In his briefing, Mr. Hendrix points to two lines from Mr. Davis's letter to the Alaska Landmine as demonstrating Mr. Berry's responsibility for the statements therein: first, "[w]e will prove you have stolen $30,000,000.00 from the working interest owners, and prevail in court," and second, "'[e]verything in the letter is true and we will prove it in the courts in Texas, and hopefully in the State of Alaska as well.'"[21] These references to "we"—which the Complaint states *Davis* wrote to the Landmine—are not sufficient factual content to allow the Court to reasonably infer

---

[18] Docket 7 at 3 (emphasis added).

[19] Docket 8 at 3.

[20] Docket 1-1 at ¶¶ 14–24, 28–30 (each alleging "Davis states . . . ," "Davis says . . . ," or "Davis told . . .").

[21] Docket 8 at 3 (quoting Docket 1-1 ¶¶ 29–30).

Case No. 3:24-cv-00133-SLG, *Hendrix v. Davis et al.*
Order on Motion to Dismiss
Page 6 of 8
Case 3:24-cv-00133-SLG   Document 18   Filed 12/05/24   Page 6 of 8

that Mr. Berry is liable for their publication. Mr. Hendrix does not allege any facts that support the conclusion that Mr. Berry directed, endorsed, or even knew about the publication of the letter to the Landmine. The phrase "stolen from the working interest owners," read plainly and in context, refers to those that Mr. Davis contended had been harmed, not the publishers of the statement. Lastly, the Court cannot reasonably conclude, from the phrase "we will prove it in the courts in Texas" alone, that Mr. Berry was involved in any way with the publication of the allegedly defamatory statements.[22] Based on the allegations in the Complaint, it is entirely speculative that Mr. Berry published or caused to be published any of the allegedly defamatory statements.

Because Mr. Hendrix has not pleaded sufficient facts to support an inference that Mr. Berry is liable for defamation, Mr. Hendrix's claims against Mr. Berry are dismissed without prejudice.[23] Leave to amend will be accorded so as to permit Mr. Hendrix the opportunity to allege nonconclusory facts that address the deficiencies in the allegations against Mr. Berry identified in this order.

---

[22] Mr. Hendrix asserts in his briefing that "Mr. Berry is a party in the Texas litigation which also includes Mr. Davis and Mr. Taylor," and that, therefore "Davis, Berry, and Taylor would all have similar motivation to make defamatory statements against Mr. Hendrix." Docket 8 at 3. However, the Complaint does not explain Mr. Berry's connection to the Texas litigation, and mere motivation, without more, is not sufficient to state a plausible claim for defamation.

[23] The Court need not address Mr. Hendrix's claim for "punitive damages" because punitive damages are a remedy, not an independent cause of action. *Doe v. Colligan*, 753 P.2d 144, 145 n.2 (Alaska 1988).

Case No. 3:24-cv-00133-SLG, *Hendrix v. Davis et al.*
Order on Motion to Dismiss
Page 7 of 8
Case 3:24-cv-00133-SLG   Document 18   Filed 12/05/24   Page 7 of 8

## CONCLUSION

Therefore, IT IS ORDERED that Mr. Berry's Motion to Dismiss at Docket 7 is GRANTED with leave to amend. Mr. Hendrix may file an Amended Complaint that remedies the deficiencies identified above within **21 days** of the date of this Order. If Mr. Hendrix fails to file an Amended Complaint by that date, his claims against Mr. Berry may thereafter be dismissed without further notice to him.

DATED this 5th day of December 2024, at Anchorage, Alaska.

<i>/s/ Sharon L. Gleason</i><br>
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00133-SLG, *Hendrix v. Davis et al.*
Order on Motion to Dismiss
Page 8 of 8
Case 3:24-cv-00133-SLG     Document 18     Filed 12/05/24     Page 8 of 8